IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| David Antonio Little, Jr., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> Corporate Federal United States, *et al.* ) <br> ) <br> Defendants. ) <br> _____) | Case No. 8:23-cv-2321-RMG <br><br> **ORDER AND OPINION** |

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge (Dkt. No. 9) recommending that the Court dismiss Plaintiff's complaint without prejudice and without issuance and service of process. For the reasons set forth below, the Court adopts the R&R as the order of the Court and dismisses Plaintiff's complaint without prejudice and without issuance and service of process.

## I. Background and Relevant Facts

Plaintiff, proceeding *pro se*, brings this action pursuant to 42 U.S.C. §§ 1983, 1985, and 1986 alleging violations of his constitutional rights by Defendants who allegedly surveilled him. (Dkt. No. 9 at 1) ("For instance, Plaintiff alleges that over two days in February 2021, he was followed by 'a government agent of some sort' after visiting a bank in Texas and was electrocuted through a chip that was implanted in his back when he was a child.").

On June 15, 2023, the Magistrate Judge issued an R&R recommending the complaint be dismissed without prejudice and without issuance and service of process. (Dkt. No. 9). Plaintiff did not file objections to the R&R.

## II. Legal Standards

### a. *Pro Se* Pleadings

This Court liberally construes complaints filed by *pro se* litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990).

### b. Magistrate Judge's Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where the plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). Because Plaintiff did not file objections to the R&R, the Court reviews the R&R for clear error.

-3-

### III. Discussion

The Court finds that the Magistrate Judge ably addressed the issues and correctly concluded that Plaintiff's complaint should be dismissed without prejudice and without service of process as it fails to state a plausible claim for relief. (Dkt. No. 9 at 3-5) (noting that the two government defendants are not "persons" amenable to suit under civil rights statutes and that, regardless, Plaintiff "fails to identify a recognizable legal cause of action that he seeks to raise against the defendants" or allege any "facts about the named defendants that would plausibly show that they were involved in any constitutional deprivation"); (*Id.* at 5) (noting that Plaintiff's claims for injunctive relief in the form of "pardons, expungements, or any other interference in state criminal prosecutions, are not available in a § 1983 action").

Plaintiff is further put on notice that dismissal of this action constitutes a "strike" under 28 U.S.C. § 1915(g) ("In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it . . . fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.").

### IV. Conclusion

For the reasons set forth above, the Court **ADOPTS** the R&R (Dkt. No. 9) as the order of Court and **DISMISSES** Plaintiff's complaint **WITHOUT PREJUDICE AND WITHOUT ISSUANCE AND SERVICE OF PROCESS**.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
United States District Judge

-4-

July 17, 2023
Charleston, South Carolina